UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| MANUEL URRUITA, | Civ. Action No.: |
| Plaintiff, | |
| | COMPLAINT |
| -against- | |
| | Jury Trial Demanded |
| PROCUT LAWNS, LANSCAPING & CONTRACTING, INC. and WILLIAM FOWLER, | |
| Defendants. | |

------------------------------------------------------------x

Plaintiff Manuel Urruita ("Plaintiff"), by KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C., his attorneys, complaining of the Defendants Procut Lawns, Landscaping & Contracting, Inc. and William Fowler, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he has been employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216 (b).

2. Plaintiff further complains pursuant to the NYLL, that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act

1

("NYMWA"), NYLL §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is entitled to recover his unpaid wages and unlawful wage deductions, under Article 6 of the NYLL including §§ 171, 193, and compensation for not receiving notices and statements required by NYLL § 195, under Article 6 of the NYLL and is also entitled to maximum liquidated, and attorneys' fees pursuant to § 198 of the NYLL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the FLSA pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7. Plaintiff Manuel Urruita ("Urruita") is an adult, over eighteen years old, who currently resides in Rockland County, New York.

8. Upon information, and belief and all times relevant herein, Defendant Procut Lawns, Landscaping & Contracting, Inc. ("Procut") was a New York for-profit corporation.

9. Upon information and belief, and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant William Fowler ("Fowler"), who was in charge of the operations and management of Procut Lawns, Landscaping & Contracting, Inc.

10. Upon information and belief and at all times relevant herein, the corporate Defendant Procut was owned/controlled/managed by Defendant Fowler, and was his alter ego, and it was Defendant Fowler who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants Procut and Fowler shared a place of business in Rockland County, New York, 11 Pine View Road, West Nyack, New York 10994, where Plaintiff was employed.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendants were involved in the landscaping business in New York tri-state area.

13. Upon information and belief, and at all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as a landscaper and performed all tasks involved in the landscaping process and other duties related to Defendants' business operations.

14. Plaintiff was employed by Defendants individually and/or jointly for approximately twenty-three (23) years ending in or around October, 2017, when he was terminated.

15. Plaintiff's last regular rate of pay was about $26.00 per hour. At other at separate and relevant times during his employment with Defendants, Plaintiff earned $21.00 per hour in 2012, $22.00 per hour in 2013, $23.00 per hour in 2014, $24.00 per hour in 2015 and $25.00 per hour in 2016.

16. At all times relevant herein, Plaintiff worked 60 hours or more in most weeks during his employment. Specifically, from mid-March through mid-December, hi average workday was from 7:00 a.m. to 7:00 p.m. A more precise statement of the hours of wages will be made when

Plaintiff obtains the wage and time records Defendants were required to keep pursuant to the FLSA and NYLL.

17. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL § 195(1).

18. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL § 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies.

19. At all times relevant herein and throughout Plaintiff's employment, Defendants, individually and/or jointly paid Plaintiff the same rate for overtime hours (hours over 40 a week) that they paid for non-overtime hours – Plaintiff was paid separately at his straight regular hourly rate for his overtime hours prior to around October, 2017.

20. Upon information and belief, at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

21. Upon information and belief, and at all times relevant herein, Defendants used and purchased construction materials from vendors outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

22. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein, and upon information and belief, Defendant conducted business outside the State of New York involving landscaping materials and services.

24. Defendants, as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendants, as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

26. At all times applicable herein, and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein, and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

28. At all relevant times herein, and for the time Plaintiff was employed by Defendants, Plaintiff worked more than forty (40) hours in a week for each week, during his employment with Defendants.

29. At all times relevant herein, and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

30. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state overtime wage posters.

31. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

## AS AND FOR FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 et seq.

32. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

34. At all times relevant to this action, Plaintiff engaged in commerce and/or in the production of goods for commerce and/or Defendant, individually and/or jointly, constituted an enterprise(s) engage in commerce within the meaning of 29 U.S.C. §§ 207 (a).

35. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

36. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff over time compensation at rates of at least 1.5 time his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

37. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. 216 § (b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et seq. and 12 NYCRR 142-2.2, etc.

38. Plaintiff alleges, and incorporate by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

40. At all times relevant to this action, Plaintiff was individually and/or jointly employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

41. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the NYMWA and its implementing regulations. NYLL §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

42. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and cost of the action, pursuant to NYLL § 663 (1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

43. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 43 above with the same force effect as if fully set forth at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the NYLL § 190 et seq., including §§ 191, 192, 195 and 198 and the applicable regulations thereunder.

45. At all relevant times herein, Defendants, individually and/or jointly, violated and willfully violated Plaintiff's rights under NYLL § 190 et seq. including NYLL §§ 191, 193, 195 and 198 by failing to pay Plaintiff all his wages, including his overtime wages, as required under NYLL § 190 et seq.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195 (1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus

attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198 (1-b), as well as an injunction directing Defendants to comply with NYLL § 196 (1).

47. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195 (3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198 (1-d), as well as an injunction directing Defendants to comply with NYLL § 195 (1).

## Relief Demanded

48. Due to Defendants' NYLL Article 6 violations including violation of §§ 191, 193, 195 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid overtime wages, wage deductions, plus maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195 (1) and NYLL § 195 (3), reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

49. Declare that Plaintiff was individually and/or jointly employed by Defendants and declare Defendants (including their overtime policy and practice) to be in violation of the rights of Plaintiff, under the FLSA and NYLL – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et seq., and enjoin Defendants from engaging in such violations.

50. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, cost and attorneys' fees pursuant to 29 USC § 216 (b);

51. As to the **Second Cause of Action**, award Plaintiff is unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

52. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including, unpaid overtime wages, plus maximum liquidated damages, wage deductions, prejudgment interest, maximum recovery for violations of NYLL § 195 (1) and NYLL § 195 (3), and attorneys' fees pursuant to NYLL § 198;

53. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF," in addition to the relief requested in the wherefore clause/prayer for relief;

54. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Chestnut Ridge, New York
December 11, 2017

Respectfully submitted,

KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.

/s/ Randy J. Perlmutter
By: Randy J. Perlmutter, Esq. (3940475)
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Tel: (845) 356-2570; Fax: (845) 356-4335
E-mail: rperlmutter@kgglaw.com
*Attorneys for Plaintiff*